IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS FAYETTE, | ) No. C 12-4243 LHK (PR) |
| Petitioner, | ) ORDER TO SHOW CAUSE; |
| | ) DENYING MOTION FOR LEAVE |
| v. | ) TO PROCEED IN FORMA |
| | ) PAUPERIS; DENYING MOTION |
| WARDEN RONALD BARNES, | ) TO APPOINT COUNSEL |
| Respondent. | ) (Docket Nos. 4, 5.) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner submitted a Certificate of Funds, signed by an authorized officer, that indicated that Petitioner had an average monthly balance of $23.46 for the past six months, and an average monthly deposit of $11.67 in his inmate trust account. Thus, Petitioner's motion for leave to proceed in forma pauperis is DENIED. After reviewing Petitioner's federal petition, the Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*

Order to Show Cause; Denying Motion for Leave to Proceed In Forma Pauperis; Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\HC.12\Fayette243oscdenifp.wpd

1 *v. Hodges*, 423 U.S. 19, 21 (1975).

2 A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal relief, Petitioner claims that: (1) counsel rendered ineffective assistance; (2) there was insufficient evidence to convict Petitioner of attempted murder; (3) the jury improperly rendered legally inconsistent verdicts; (4) the trial court's failure to sever trial resulted in the denial of due process; (5) the jury failed to return a unanimous verdict, and the trial court erred in failing to give CALCRIM 3500 (unanimity instruction); and (6) the trial court erred in instructing the jury. Liberally construed, Petitioner states cognizable claims for relief. The Court orders Respondent to show cause why the petition should not be granted.

**C.     Appointment of Counsel**

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner, the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). At this time, appointment of counsel is not mandated, and the interests of justice do not require appointment of counsel. Accordingly, the Petitioner's request is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the developments of this case dictate otherwise.

**CONCLUSION**

1.     Petitioner's motion for leave to proceed in forma pauperis is DENIED. Petitioner must pay the $5.00 filing fee within **thirty (30) days** of the filing date of this order, or face dismissal of this action for failure to pay the filing fee.

Order to Show Cause; Denying Motion for Leave to Proceed In Forma Pauperis; Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\HC.12\Fayette243oscdenifp.wpd     2

2. The Clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   10/10/12

LUCY H. KOH
United States District Judge

Order to Show Cause;  Denying Motion for Leave to Proceed In Forma Pauperis; Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\HC.12\Fayette243oscdenifp.wpd     3